United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN C. HEIM, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22cv1526 |
| HARLOE DISASTERS, LLC D/B/A SERVPRO OF OCONEE/SOUTH ANDERSON COUNTIES AND WILSON STORM TEAM, LLC, *Defendants.* | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Plaintiff's Opposed Motion to Remand. ECF 14.[1] Having considered the parties' filings and the law, the Court **RECOMMENDS** that the Motion to Remand be **GRANTED**.

### I.   Background

Plaintiff Susan Heim initiated this case by filing suit in state court against certain Defendants on August 27, 2021, alleging negligent remediation of water damage at her residence that in turn led to mold. Defendant Harloe Disasters, LLC removed the case to federal court based on diversity jurisdiction. Thereafter, over the Defendants' opposition, the Court granted Plaintiff's Motion for Voluntary Dismissal which stated she would refile her case in state court and name an additional non-diverse defendant. *See Heim v. Harloe Disasters, LLC et al.*, Civil Action No. H-21-CV-3286 (slip op. Mar. 23, 2022) (ECF 20), adopted (S.D. Tex. Apr. 7. 2022) (ECF 21)). On April 7, 2022, Plaintiff filed a second suit

---

[1] The District Court has referred this case to this Magistrate Judge for pre-trial management. ECF 34.

in state court against Harloe Disasters, LLC d/b/a ServoPro of Oconee/South Anderson Counties (Harloe), Wilson Storm Team, LLC, Michael W. Johnston Investments, Inc. (MWJI, Inc.), State Farm Lloyds, and Alacrity Adjusting Solutions, LLC.  Harloe, with consent of the other Defendants, again removed the case to federal court based on diversity jurisdiction.  ECF 1.

Plaintiff, a Texas resident, has moved to remand this action to state court because MWJI, Inc. is a Texas resident and the lack of complete diversity precludes subject matter jurisdiction in this court.  ECF 14.  Defendants ask the Court to ignore MWJI, Inc.'s citizenship for jurisdictional purposes, arguing it has been improperly joined in this case.  *See* ECF 1; ECF 23-26.

**II.     Legal Standards**

Federal jurisdiction is limited.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  The party invoking this Court's removal jurisdiction bears the burden of establishing that federal jurisdiction exists and removal is proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (citation omitted).  When a plaintiff has sued a non-diverse defendant, removal is proper only if the removing party shows that the plaintiff improperly joined the non-diverse defendant for the purpose of defeating jurisdiction.  Improper joinder can be established by showing (1) actual fraud by the plaintiff in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to state a

claim against the non-diverse party in state court. *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017).

> To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant.'

*Id.* (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). The existence of a single valid claim against a non-diverse defendant requires remand even if Plaintiff also pleads several invalid claims. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("§ 1441's holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."); *see also Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669–70 (5th Cir. 2007) (citing *Smallwood*, 385 F.3d at 574)). Where there is any uncertainty as to whether plaintiff can recover on a state law claim against a non-diverse defendant, the Court must "tip the scales in favor of remand." *Cola v. Dow Chem. Co.*, No. 3:19-CV-00199, 2019 WL 5558247, at *5 (S.D. Tex. Oct. 1, 2019), *report and recommendation adopted*, No. 3:19-CV-00199, 2019 WL 5558065 *5 (S.D. Tex. Oct. 28, 2019). The burden of persuasion on a motion to remand rests with the party claiming improper joinder. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219–20 (5th Cir. 2018).

### III.  Analysis

The parties do not dispute the timeliness of removal nor do Defendants allege fraud in Plaintiff's pleading.  The sole issue to be decided in the motion for remand is whether Defendants have met their burden to show that MWJI, Inc. was improperly joined.

Plaintiff's petition alleges that she filed a claim under her homeowner's insurance policy issued by State Farm after frozen water pipes burst and flooded her home in February 2021.  ECF 1-1, ¶¶ 22-24.  State Farm assigned Alacrity to adjust her claim.  *Id.* ¶ 25.  Upon State Farm's recommendation, Plaintiff hired Harloe—an out-of-state company that sent workers to Houston following the February 2021 winter storm—to perform water damage mitigation/remediation on her home.  *Id.* ¶ 35.  Plaintiff alleges Harloe performed negligently and left the project without confirming the property was completely dry.  *Id.* ¶¶ 37-50.  Despite extensive communications between and among Plaintiff and various insurance adjusters, and Harloe's acknowledgement that the mitigation/remediation was not complete, State Farm released $22,655.97 in insurance funds to Harloe.  *Id.* ¶¶ 51-111.  Plaintiff incurred costs to correct Harloe's work and made additional claims under her homeowner's policy for the mold that resulted from the negligent water mitigation/remediation.  *Id.* ¶¶ 112-147.  After filing her initial suit, Plaintiff discovered that Harloe, Wilson Storm Team, and MWJI, Inc., all affiliated with ServPro, had an agreement to share the insurance proceeds paid by State Farm on her behalf.  *Id.* ¶¶ 148-51.  Plaintiff demanded that Harloe, Wilson Storm Team, and MWJI, Inc. return the funds because the work was incomplete and their negligence caused her

additional damages. All have refused to refund any of the unauthorized payment. *Id.* ¶¶ 152-55.

The only individual Defendant the Plaintiff has identified as coming to her house during the mitigation/remediation is William Harloe. ECF 14 at 9. However, she alleges that MWJI, Inc. "was involved in some capacity in the mitigation/remediation efforts." *Id.* at 5. Specifically, she alleges that Harloe contacted a "local ServPro in the Harris County/Champions area," believed to be MWJI, Inc., to finish the work, but it was never completed. ECF 1-1, ¶¶ 92, 322. Plaintiff further alleges that all three ServPro Defendants received compensation for the failed remediation efforts. *Id.*

Plaintiff asserts causes of action against State Farm and Alacrity (the Insurance Defendants), individually and jointly, under various theories of liability: violations of the Texas Insurance Code and Deceptive Trade Practices Act (DTPA); breach of contract; and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 156-255, 327-63. Against Harloe, Wilson, and MWJI, Inc. (the ServPro Defendants), Plaintiff asserts individual joint liability for: breach of contract; breach of warranties; violation of the DTPA; negligence and gross negligence; and violation of Chapter 601 of the Texas Business and Commerce Code. *Id.* ¶¶ 265-363. Plaintiff also seeks leave to amend her pleading to assert a cause of action against the ServPro Defendants for money had and received and argues that with more discovery she will be able to plead more facts that describe MWJI, Inc.'s involvement in the remediation efforts. ECF 14 at 4.

Defendants argue Plaintiff cannot demonstrate a possibility of recovery against MWJI, Inc. because the "simple receipt of a referral fee does not establish a viable cause

5

of action under Texas law." ECF 23 at 7; ECF 3 at 6. Yet, Plaintiff has alleged state law causes of action against MWJI, Inc. based on its alleged involvement in the negligent remediation work and on its referral fee agreement with Harloe and Wilson to receive payment from State Farm that Plaintiff alleges it was not entitled to receive. Defendants' improper joinder argument ignores Plaintiff's allegations that the ServPro Defendants were engaged in a joint enterprise, making MWJI, Inc. liable for the negligent acts of Harloe. ECF 1-1, ¶ 332; *see Seaway Prod. Pipeline Co. v. Hanley*, 153 S.W.3d 643, 651–52 (Tex. App. 2004) (The elements of a joint enterprise are "(1) an agreement, expressed or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that common purpose; and (4) an equal right to direct and control the enterprise"). Plaintiff has also alleged that WMJI, Inc. conspired with the other ServPro Defendants. *Id.*, ¶¶ 335-40; *see Henkel v. Emjo Invs., Ltd.*, 480 S.W.3d 1, 7 (Tex. App. 2015) ("The required elements of a civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result."). Defendants have not met their heavy burden to show that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against MWJI, Inc. *See Centaurus Ashley, LP v. Lexington Ins. Co.*, 791 F. Supp. 2d 559, 563 (S.D. Tex. 2011) (defendant's burden to show improper joinder "is indeed a heavy burden," citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). The Court finds that Defendants have not demonstrated improper joinder of MWJI, Inc. and its Texas citizenship precludes

subject matter jurisdiction based on diversity. Therefore, Plaintiff's Motion to Remand should be GRANTED.

## IV. Conclusion and Recommendation

For the reasons stated above the Court RECOMMENDS that Plaintiff's Motion to Remand (ECF 14) be GRANTED and this case be remanded to the 80th Judicial District Court of Harris County, Texas from which it was removed. The Court further RECOMMENDS that MWJI, Inc.'s Motion to Dismiss for Failure to State a Claim (ECF 3) and Alacrity Adjusting Solutions, LLC's Motion to Deny Plaintiff's Claim for Attorney's Fees (ECF 19) be DENIED without prejudice due to lack of subject matter jurisdiction.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 25, 2022, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge